

**FILED**

Oct 30 2018, 6:31 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Stephen C. Wheeler
Smith Fisher Maas Howard & Lloyd,
P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Douglas A. Mulvaney
David T. Stutsman
Elkhart, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Auto-Owners Insurance Company, | October 30, 2018 |
| *Appellant-Defendant,* | Court of Appeals Case No. 18A-CT-852 |
| v. | Appeal from the Elkhart Superior Court |
| William Long, as Administrator of the Estate of Theodore Long, and Ellen Long, Individually, | The Honorable Charles Carter Wicks, Judge |
| *Appellees-Plaintiffs,* | Trial Court Cause No. 20D05-1706-CT-142 |
| ———————————— | |
| Dean Loucks and The Art of Design, | |
| *Defendants.[1]* | |

---

[1] While neither Loucks nor The Art of Design participates in this appeal, Indiana Appellate Rule 17(A) provides that a party of record in the trial court "shall be a party on appeal."

**Bradford, Judge.**

# Case Summary

[1]     While working at a United States Postal Service processing facility, Theodore Long was exposed to a hazardous substance shipped by The Art of Design ("the Insured") in violation of certain postal regulations. This appeal arises out of a declaratory judgment action filed by Long's Estate ("the Estate") to determine the applicable limits of the Insured's commercial general liability insurance policy ("the Policy") issued by Auto-Owners Insurance Company ("Auto-Owners"). The parties filed competing motions for summary judgment, with Auto-Owners arguing that the applicable Policy limits were $1,000,000 and the Estate arguing that the applicable Policy limits were $2,000,000. The trial court granted summary judgment in favor of the Estate, finding that the $2,000,000 Policy limits applied. Because we conclude that the $1,000,000 policy limits apply, we reverse and remand with instructions for the trial court to enter judgment in favor of Auto-Owners.

# Facts and Procedural History

[2]     In February of 2009, an employee of the Insured mailed a box containing ten bottles of a chemical product known as Medium Reducer AMR-2712 ("the Reducer") to an individual located in Florida. The Reducer contained toxic chemicals such as toluene. During the shipping process, the box was passed

through a conveyor system known as a secondary induction-singulator ("the Singulator") at a Postal Service processing facility in Allen Park, Michigan.

[3] While passing through the Singulator, the box broke open and the bottles spilled out of the box. One of the bottles was damaged and leaked onto a conveyor belt, releasing toxic fumes. As he worked to clean up the spill, Long observed that the box was not labeled as containing hazardous materials and had been sealed only by a piece of masking tape.

[4] During the clean-up process, Long was overcome by the fumes and later went to the hospital. The Estate claims that he was permanently disabled as a result of injuries sustained when he was exposed to the chemical fumes. The Estate also claims that the exposure to the Reducer was a direct and proximate cause of his death on June 24, 2016.

[5] After investigating the spill, Postal Service employees determined that the Insured had violated Postal Service regulations relating to both the labeling and packaging of hazardous materials. Specifically, the Insured had failed to properly label the box to indicate that it contained hazardous materials and to package the Reducer in such a way as to prevent the box from breaking and the bottles from leaking. Had the box been properly labeled, it would not have been put through the Singulator but, rather, would have been hand-sorted.

[6] On June 19, 2017, the Estate filed a declaratory judgment action seeking a determination of the applicable Policy limits provided in the Policy. The Estate

and Auto-Owners filed competing summary judgment motions. Following a hearing, the trial court entered summary judgment in favor of the Estate.

## Discussion and Decision

[7] Auto-Owners appeals from the trial court's grant of summary judgment to the Estate.

> Our standard of review for a trial court's grant of a motion for summary judgment is well[-]settled. Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. All facts and reasonable inferences drawn from those facts are construed in favor of the nonmovant. Our review of a summary judgment motion is limited to those materials designated to the trial court. We must carefully review a decision on summary judgment to ensure that a party was not improperly denied its day in court.

*MacGill v. Reid*, 850 N.E.2d 926, 928 (Ind. Ct. App. 2006) (internal citations omitted). "The fact that the parties made cross motions for summary judgment does not alter our standard of review." *Id*. "When considering cross motions for summary judgment, we consider each motion separately, construing the facts most favorably to the non-moving party in each instance and determine whether the moving party is entitled to judgment as a matter of law." *Id*. at 929.

[8] Auto-Owners contends that the trial court erred in interpreting the Policy. Specifically, Auto-Owners claims that the trial court erred in finding that there

were two occurrences under the terms of the Policy. It is undisputed that the applicable Policy limits in this case are directly related to the number of occurrences causing injury. The parties agree that if there was only one occurrence, the $1,000,000 limit applies, and if there were two occurrences, the $2,000,000 limit applies.

[9] "Interpretation of an insurance contract is a question of law which is particularly well-suited for disposition by summary judgment." *Adkins v. Vigilant Ins. Co.*, 927 N.E.2d 385, 389 (Ind. Ct. App. 2010). "We review an insurance policy using the same rules of interpretation applied to other contracts, namely if the language is clear and unambiguous we will apply the plain and ordinary meaning." *Id*. "An insurance policy is ambiguous where a provision is susceptible to more than one interpretation and reasonable persons would differ as to its meaning." *Id*. "An ambiguity, however, does not exist merely because the parties favor different interpretations." *Id*. Upon review, we accept "an interpretation of the contract language that harmonizes the provisions rather than the one which supports a conflicting version of the provisions." *Id*. The power to interpret insurance contracts "does not extend to changing their terms, and we will not give insurance policies an unreasonable construction to provide added coverage." *Id.*

[10] The Policy at issue defines an occurrence as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Appellant's App. Vol. II p. 43. We considered an identical definition of an occurrence in *Thomson Inc. v. Insurance Co. of North America*, 11 N.E.3d 982 (Ind.

Ct. App. 2014). In *Thomson*, we adopted the "cause theory" of determining the number of occurrences causing injury, under which "the number of occurrences is determined by referring to the cause or causes of the damages." 11 N.E.3d at 1005 (internal citation omitted).

[11] In this case, it is undisputed that the box contained hazardous materials as defined by Postal Service and, as a result, the Insured was required to follow certain procedures when mailing the box. The designated materials establish that the box was not properly labeled or packaged. The crux of the parties' disagreement is whether the violations should be considered collectively, *i.e.*, one occurrence, or separately, *i.e.*, two occurrences.

[12] While the Insured failed to both properly label and package the box, there was only one accident that resulted from the Insured's failure to take appropriate preventative measures to avoid a spill. Stated differently, although the Insured did two things wrong in shipping the package, the wrongdoing resulted in one spill, *i.e.*, "one proximate, uninterrupted, and continuing cause which resulted in" Long's injury. *See id.* at 1001; *see also Estate of Flemming v. Air Sunshine, Inc.*, 311 F.3d 282, 297 (3d Cir. 2002) (providing that where the decedent survived a plane crash but subsequently drowned when allegedly negligent acts caused the plane to sink, the plane crash and the events stemming from the crash all constituted a single accident, resulting in a single occurrence under the terms of the applicable insurance policy). We therefore conclude there was only one occurrence under the terms of the Policy. Accordingly, we reverse the

judgment of the trial court and remand with instructions for the court to enter summary judgment in favor of Auto-Owners.

[13] The judgment of the trial court is reversed and remanded with instructions.

Bailey, J., and Mathias, J., concur.